THE PEOPLE ex rel. CAROLINE E. BLIEL, Appellant, *v.* JAMES F. MARTIN et al., as Police Commissioners, etc., Respondents.

The provision of the act of 1887 (Chap. 574, Laws of 1887) conferring upon the board of police of the city of New York power, "in its discretion, by the majority vote of the full board, to grant pensions," makes the granting or withholding of a pension in a proper case a matter of discretion with said board, and the exercise of this discretion is not reviewable by any judicial tribunal.

(Submitted February 1, 1892; decided February 12, 1892.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, made at the May term, 1890, which affirmed an order of Special Term denying a motion for a mandamus.

The nature of the proceeding and the facts, so far as material, are stated in the opinion.

*George F. Langbein* for appellant. The denial of the pension was erroneous. (*People ex rel.* v. *Common Council,* 78 N. Y. 63.) The discretion given by the legislature is not capricious, willful or arbitrary. The action of the commis-

sioners was an abuse of discretion. (Laws of 1887, chap. 574, § 1; Laws of 1882, chap. 410, §§ 303, 305; *Rex* v. *Wilkes*, 4 Burr. 2539; *Bailey* v. *Stewart*, 2 Redf. 227; *Bailey* v. *Hilton*, 14 Hun, 1; *Tripp* v. *Cook*, 26 Wend. 150; *Dows* v. *Congdon*, 28 N. Y. 126; *Kelso* v. *Lorrillard*, 62 N. Y. 184; *De Lamosas* v. *Lamosas*, Id. 618; *Lawrence* v. *Farley*, 73 id. 187; *In re Diederich*, 77 id. 595; *Vanderbilt* v. *Schreyer*, 81 id. 646; *Granger* v. *Craig*, 85 id. 619; *People ex rel.* v. *Com. Council*, 78 id. 56; *O'Connor* v. *Moschowitz*, 48 How. Pr. 451; *Huxley* v. *W. L. E. R. Co.*, L. R. [14 App. Cas.] 26; *In re Terrell*, L. R. [22 Ch. Div.] 473; *Tempest* v. *Conroys*, 21 id. 571; 78 N. Y. 62.)

*David J. Dean* and *John J. Delany* for respondent. Mandamus will not lie to review the exercise of a lawful discretion. (*People* v. *N. Y., L. E. & W. R. R. Co.*, 5 N. Y. S. R. 551.) Mandamus will not lie to control the action or to dictate a decision where the respondents are vested with discretion. (*People* v. *Brennan*, 39 Barb. 651.; *Howland* v. *Eldredge*, 43 N. Y. 461; *People* v. *Mayor, etc.*, 25 Wend. 680; *Hull* v. *Super*, 19 Johns. 259; *People ex rel.* v. *Common Council*, 78 N. Y. 89.) The discretion vested by statute in the board of police is absolute. (Laws of 1887, chap. 574, § 1; *Lippitt* v. *Huston*, 8 R. I. 415; *Robertson* v. *French*, 4 East. 135.)

Eᴀʀʟ, Ch. J. The relator applied for a writ of mandamus to compel the board of police of the city of New York to pay her a pension of $300 per year as the widow of Philip C. Bliel, who for thirteen years previous to his death had continuously been a member of the police force of that city. Her application was denied in the courts below on the ground that the statutes did not give her the absolute right to a pension, but simply vested in the board a discretion to grant or withhold a pension in such a case.

A careful reading of the statutes leaves no doubt in our minds that it has always, since the first act upon the subject, rested in the discretion of the police board to grant or with-

hold pensions to the widows of deceased policemen. The first act was chapter 126 of the Laws of 1871, which in terms provided in section 4 that the board should have power in "its discretion" to grant pensions of not exceeding $300 per annum, to be paid from the police life insurance fund to the widow of any member of the police force who had served continuously for a term of not less than ten years, and in section 5 it was provided that the board might "in its discretion at any time order any pension granted for any cause" to cease. By the act, chapter 389 of the Laws of 1878, the act of 1871, so far as it regulated and provided for pensions, was repealed, and it was provided in section 4 of that act that the board of trustees of the police pension fund, created by the act, should "have power to grant pensions," as provided in the act, among other persons, to the widow of any member of the police force who should have died after ten years of continuous service. This section did not command the board in any of the cases specified in section 4 to grant pensions, but simply provided that they should have *power* to grant them; and that language clearly vested them with the discretion in any particular case to grant or withhold a pension. This construction of section 4 is strengthened by reading section 6, which provided that the board "may in its discretion order any pension granted, or any part thereof to cease." It cannot be supposed that the legislature meant to confer upon the board a discretion to withhold pensions after they had once been granted, and yet make it obligatory upon them in the first instance to grant them. This act was again, so far as it authorized the granting of pensions to the widows and children of deceased policemen, repealed by the act chapter 574 of the Laws of 1887, and in that act it was plainly provided that the board of police "shall have power in its discretion," by the majority vote of the full board to grant a pension to the widow of any member of the police force who had served the requisite time. Here again, in very plain language, the discretion to grant or withhold a pension was conferred upon the board; and that is the last act passed upon the subject. All these acts, when read together,

show a consistent policy on the part of the legislature to make the granting or withholding of the pension in such a case as this a matter of discretion with the board of police, to be exercised in view of all the circumstances surrounding the claimant and the exigencies of the fund out of which the pension could be paid.    These acts are *in pari materia* and may all be read with the view of ascertaining the legislative intention and the public policy; and when thus read it is clear that the police board could in this case deny the pension to the relator in the exercise of their discretion.    That discretion is not reviewable by any judicial tribunal.    It may be wisely or unwisely, justly or unjustly exercised.    It is vested in the board and they must exercise it, and there is no authority elsewhere to review their determination.

In the numerous cases cited in the elaborate brief submitted on behalf of the relator the courts reviewed the discretion of officers, magistrates and inferior courts in the exercise of their appellate or supervisory jurisdiction conferred upon them by statutes.    Here the Supreme Court possessed no appellate or supervisory jurisdiction to review the determination of the board of police.    It does not even appear here that the board abused their discretion, as the ground upon which they exercised it, and the reasons for their refusal to grant the pension do not appear in this record.    They may have found sufficient reason for their refusal in the fact that the relator had not lived with her husband for more than three years before his death, and during that time had lived in a distant state, supporting herself " by keeping a gentleman's lodging and boarding house."

The order should, therefore, be affirmed with costs,

All concur.

Order affirmed.