(101 App. Div. 155)

### FRIEL v. McADOO, Police Com'r.

(Supreme Court, Appellate Division, Second Department.  January 6, 1905.)

1. MUNICIPAL CORPORATIONS—POLICE FORCE—PENSION TO MEMBERS—STATUTES—CONSTRUCTION.

Laws 1877, p. 503, c. 438, creating a police pension fund for disabled and retired policemen in Brooklyn, and granting a pension to any member of the force, who shall perform police duty for 20 years, applying therefor, is superseded by the Charter of the city of New York, Laws 1897, c. 378, § 355, re-enacted by Laws 1901, c. 466, § 355, authorizing the giving of a pension to any member of the police force who has served for 20 years, and directing the giving of a pension to any member who has served 25 years.

2. SAME—VESTED RIGHT OF MEMBERS.

A member of a police force has no vested right in an act of the Legislature creating a police pension fund and granting a pension to those who have served for 20 years, but the Legislature may repeal the same.

3. SAME—DISCRETIONARY POWER OF POLICE COMMISSIONER—MANDAMUS.

The discretionary power conferred on the police commissioner of the city of New York by Laws 1897, c. 378, § 355, re-enacted by Laws 1901, c. 466, § 355, authorizing the commissioner to grant a pension to a member of the police force who has served 20 years, cannot be controlled by mandamus.

Appeal from Special Term, Kings County.

Mandamus by the people, on the relation of Joseph H. Friel, against William McAdoo, to compel respondent, as police commissioner of the city of New York, to retire relator from the police force on a pension.  From an order denying the motion for a peremptory writ, the relator appeals.  Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Jacob Rouss (Louis J. Grant, on the brief), for appellant.
James D. Bell, for respondent.

WOODWARD, J.  The relator was appointed to the police force of the city of Brooklyn on or about the 10th day of January, 1884, and became a member of the police force of the city of New York by virtue of the provisions of chapter 387 of the Laws of 1897, and has since continued as a member of such force.  On or about the 15th day of March, 1904, he caused a demand to be made upon the police commissioner that he be retired upon a pension, as provided by law, because appellant had served in the police department for upwards of 20 years.  This demand was denied, and the relator has sought by a peremptory writ of mandamus to compel the police commissioner to retire him.  The application for such writ was denied by the learned court at Special Term, the relator appealing from the order denying the relief.

Chapter 438, p. 503, of the Laws of 1877, provided for the creation of a "police pension fund for disabled and retired policemen in the city of Brooklyn," and section 5 of that act provides:

"Any such member of the police force or attaché of said police department who has or shall have performed police duty for a period of twenty years or

upwards, shall, upon his own application in writing, be retired from service and placed upon the police pension roll, and thereupon shall be awarded, granted and paid from said police pension fund by the trustees thereof, an annual sum during his lifetime equal to one-half the full pay of a member of said police force of the rank of the member so retired: provided, however, that no pension granted under the provisions of this act shall exceed the sum of one thousand dollars per annum."

The question presented on this appeal is whether this provision of law survived the act of 1897 under which the city of Brooklyn was merged in and consolidated with the city of New York, the charter of which provides a different scheme of police pensioning. We are of opinion that it did not, and that the relator's rights must be determined by the provisions of law as they now exist.

Section 355 of chapter 378 of the Laws of 1897, as re-enacted in section 355 of chapter 466 of the Laws of 1901, provides, in so far as it has any bearing upon the question here at issue, that:

"Any member of the police force being of the age of fifty-five years who has or shall have performed duty on such police force as aforesaid for a period of twenty years or upwards, upon his own application in writing, may, or upon a certificate of so many of the police surgeons as the police commissioner may require, showing a member of whatever age who has served twenty years is permanently disabled, physically or mentally so as to be unfit for duty, shall, by order of the police commissioner, be relieved and dismissed from said force and service and placed on the roll of the police pension fund, and awarded and granted, to be paid from said pension fund, an annual pension during his lifetime of a sum not less than one-half of the full salary or compensation of such member so retired; and any member of the police force who has, or shall have performed duty on any such force aforesaid, for a period of twenty-five years or upwards, being of the age of fifty-five years, * * * upon his own application in writing, provided there are no charges against him pending, must be relieved and dismissed from said force and service by the department and placed on the roll of the police pension fund and awarded and granted, to be paid from said pension fund, an annual pension during his lifetime of the sum not less than one-half of the full salary or compensation of such member so retired: * * * provided, however, that no member of either of the police forces by this act consolidated, having a right to retire upon a pension at the time this act takes effect, shall be deprived of such right by reason of his remaining upon the police force, or of anything in this act contained."

That is, any one who had acquired the right to retirement, under the provisions of the act relating to the Brooklyn police pension fund, at the time that this act went into effect, was not to lose this right by retaining his place upon the active police force of the Greater New York, but as to those who had not gained the right to retirement on a pension a new rule was established, and the section above cited provided that in "determining the terms of service of any member of the police force, service in the municipal and metropolitan force, and subsequently in the police force of the city of New York, as heretofore constituted, or in any police force within the limits of the city of New York as hereby constituted, and thereafter in the police force created by this act, shall be counted and held to be service in the police force of the city of New York for all the purposes of this chapter." There can be no mistaking the purpose of this legislation. It contemplated the abolition of the special acts in reference to the police pension fund of the city of Brooklyn, preserving the rights which had become fixed under

those statutes at the time of the Greater New York Charter going into effect, and establishing a new pension fund to be applied on terms of equality to all of the members of the police force of the consolidated city, but permitting all police officers of the various municipalities to be credited with the length of time which they had been in the public service. The relator had no vested right in an act of the Legislature. The state, in the exercise of its sovereign authority, might have repealed absolutely the statute of 1877, under which he claims, and it might have abolished the office of policeman in the city of Brooklyn, or have destroyed absolutely the municipal corporation, and the relator would have had no legal right to complain. See Pennie v. Reis, 132 U. S. 464, 470, 471, 10 Sup. Ct. 149, 33 L. Ed. 426. The Legislature has, however, contented itself with what amounts to an amendment of chapter 438 of the Laws of 1877, and has given the police board the power to retire the relator after serving 20 years, if he is at that time 55 years of age. This is, however, a discretionary power, and one which cannot be compelled by mandamus. When the relator has served 25 years, computing the time from his original appointment to the police force of the city of Brooklyn, if he is then 55 years of age, and there are no charges pending against him, he will be entitled to retirement; but up to that time the law simply gives permission for his retirement at the discretion of the police board, and, as this court is without power to control the discretion which the law has placed in the police board, it follows that the relator cannot gain upon this appeal the relief which he seeks. The order appealed from should be affirmed, with costs.

Order affirmed, with $10 costs and disbursements. All concur.