Sixth Circuit, in Western Union Telegraph Company v. Ann Arbor R. Co., 90 Fed. 379, 33 C. C. A. 113. That court, through Circuit Judge Taft, said, after quoting from Pensacola Tel. Co. v. W. U. Tel. Co.:

"The authority establishes, if authority were needed, that the telegraph company cannot occupy the line of defendant's railroad without the consent of defendant, or the consent of some predecessor in title, which is binding on the defendant. This, we have seen, is wanting. The suggestion, however, seems to be, if we understand it, that, because of the public necessities, the court ought to use its injunction process and shape its decree so as to effect an equitable condemnation of the easement of way. The court has no such power."

To sum up this whole case, it is this: The Telegraph Company voluntarily entered into an agreement with the Railroad Company for the occupancy of its right of way for a limited period, and that period has expired, and the Railroad Company has the right to demand that it cease the occupancy of its right of way. Its rights are not aided by the act of Congress or any federal right it may have, and, further, it is not the province of this court to condemn land, or to condemn rights in land, as here claimed.

I do not think that the plaintiff's bill states a case upon which any recovery can be had, or any decree in its favor granted. The result is that the bill must be dismissed.

---

### In re HOAG.

(District Court, S. D. New York. July 6, 1915.)

BANKRUPTCY ⬦═396—ASSETS PASSING TO TRUSTEE—CITY PENSION—"VESTED RIGHT"—"BOUNTY."

Where payments to a bankrupt were made by the city of New York under sections 165–167 of its charter (Laws N. Y. 1901, c. 466, as amended by Laws N. Y. 1911, c. 669) permitting the board of estimate and apportionment to retire from active service any employé who shall have served for 30 years and upwards, and who shall become incapacitated to perform his duties, and to award him an annual sum or annuity not exceeding one-half the amount which his annual salary averaged for the three years before his retirement, such city pension was not a "vested right," but a "bounty granted by the government" through the municipality to encourage persons engaged in the public service, and could be recalled at will, and so was not an asset passing to the bankrupt's trustee.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 659–668; Dec. Dig. ⬦═396.

For other definitions, see Words and Phrases, First and Second Series, Bounty; Vested Right.]

In Bankruptcy. In the matter of Sidney Willett Hoag, bankrupt. Application to sell a city pension as an asset of the estate. Motion denied.

Harries A. Mumma, of New York City, for trustee.
J. Joseph Lilly, of New York City, for bankrupt.

AUGUSTUS N. HAND, District Judge. Application is made to sell as an asset of the estate a pension payable by the city of New York to the bankrupt. The payments to the bankrupt are made under sections 165, 166, and 167 of the city charter, which permits the board of estimate and apportionment to retire "from active service" any officer, clerk, or employé who shall have been in the employ of the city of New York for a period of 30 years and upwards, and who shall have become physically or mentally incapacitated for further performance of the duties of his position, and to award him an annual sum or annuity, to be fixed by such board, not exceeding, however, one half of the amount which his annual salary or compensation averages for the period of three years immediately prior to the time of his retirement. The comptroller shall pay the annuities granted in monthly installments out of the receipts of excise money or liquor taxes belonging to the city of New York as constituted by this act; such payments to continue during the lifetime of the person or persons so retired.

The late Justice Bischoff held, in Hammitt v. Gaynor, 144 N. Y. Supp. 123, that such a provision was valid as a method of increasing the emoluments of persons in the public service. Justice Greenbaum in the same case rendered a similar decision. Hammitt v. Gaynor, 82 Misc. Rep. 196, 144 N. Y. Supp. 127. Justice Bischoff, in the case of Abelloff v. Weiss, reported in the New York Law Journal for August 14, 1910, treated the payment of a fireman's pension as exempt from execution under section 1391 of the New York Code of Civil Procedure, except as to one-tenth part thereof. Apparently this section must have been held applicable upon the theory that the pension was in the nature of a salary for past services, against which a continuing execution would lie under section 1391 of the Code.

Such a pension is not, however, under the main current of decisions of either the United States or the New York state courts, a vested right, but a bounty granted by the government through the municipality to encourage persons engaged in the public service. Pennie v. Reis, 132 U. S. 464, 10 Sup. Ct. 149, 33 L. Ed. 426; United States v. Teller, 107 U. S. 64, 2 Sup. Ct. 39, 27 L. Ed. 352; Frisbie v. United States, 157 U. S. 160, 15 Sup. Ct. 586, 39 L. Ed. 657; People ex rel. Price v. Woodbury, 38 Misc. Rep. 189, 77 N. Y. Supp. 241; Nagle v. Stagg, 15 Abb. Prac. (N. S.) 348; Matter of Friel, 101 App. Div. 155, 91 N. Y. Supp. 454. It can be recalled at will, and is not, therefore, an asset which passes to the trustee in bankruptcy.

The discussion in Bliss v. Lawrence, 58 N. Y. 442, 17 Am. Rep. 273, apparently assumes that a pension which is for past services is under the English law assignable, though the case decides only that an assignment of the salary of a public officer is contrary to public policy and void, because he should at all times have his salary available to enable him properly to perform his duties. The point, however, is not suggested that a pension is not an enforceable contract at all, but essentially a gratuity. This was decided in a case much stronger than the present, when the California Legislature had provided for the regular application of sums of money from the salaries of police officers to establish a pension fund and had afterwards repealed the

law. Even under these circumstances, the Supreme Court, in Pennie v. Reis, 132 U. S. 464, 10 Sup. Ct. 149, 33 L. Ed. 426, held that the policeman was without remedy, because the whole pension system was a bounty, establishing no vested rights. Against this the brief memorandum of Justice Bischoff in Abelloff v. Weiss, supra, stands alone, and even in that case only a continuing levy upon *one-tenth* of the payments seems to have been allowed.

For the foregoing reasons, the motion must be denied

---

### In re HOAG.

#### (District Court, S. D. New York. October 1, 1915.)

1. BANKRUPTCY ⬤➴396—ASSETS—RIGHTS OF CREDITORS—"PROPERTY."

Pending a bankruptcy proceeding, a judgment creditor may not proceed against the bankrupt's pension as a retired employé of a city under the Bankruptcy Act, or under Code Civ. Proc. N. Y. § 1391, providing that, where any wages, debts, earnings, salary, income from trust funds, or profits are due and owing to a judgment debtor, or shall become due and owing, the judgment creditor may apply for, and the court must issue, an order directing that an execution issue against such wages, etc., since the pension prior to its payment is not "property," but is a mere bounty or gift, which is neither wages, debts, earnings, salary, income from trust funds, nor profits, and, the trustee having no right to it, creditors can have no higher rights.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig.. §§ 659–668; Dec. Dig. ⬤➴396.

For other definitions, see Words and Phrases, First and Second Series, Property.]

2. COURTS ⬤➴363—UNITED STATES COURTS—JURISDICTION—CONSTRUCTION OF STATE LAWS.

On application to the bankruptcy court by a judgment creditor of the bankrupt for permission to procure an execution against the bankrupt's pension as a retired employé of a city, the bankruptcy court is bound to consider the state law claimed to authorize such execution, since, while the state court may be called upon to decide the question in many instances, the bankruptcy court is equally charged with the duty of considering what is the law, when any application is made to it.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 939–949; Dec. Dig. ⬤➴363.]

In Bankruptcy. In the matter of Sidney Willett Hoag, bankrupt. On motion to modify the usual bankruptcy injunction, so as to permit the owner of a judgment against Hoag (procured within four months of bankruptcy) to issue an execution under section 1391, Code Civ. Proc. N. Y., against the bankrupt's pension as a retired employé of this city. Denied.

See, also, 227 Fed. 478.

L. L. Lewis, of New York City, for the motion.

J. J. Lilly, of New York City, for the bankrupt.

HOUGH, District Judge. [1] It has been decided in this court that Hoag's pension is something against which his trustee in bankruptcy