(93 Misc. Rep. 626)

## In re BRISTOL et al.

(Supreme Court, Special Term, Albany County.   February, 1916.)

1. MANDAMUS ⬅100—SUBJECTS OF RELIEF—ACTS OF PUBLIC OFFICERS.

    Mandamus is the proper remedy to enforce a law which has provided that the custody of a fund shall be transferred from one public officer to another, where there is no substantial dispute as to the facts.

    [Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 205–210; Dec. Dig. ⬅100.]

2. MANDAMUS ⬅159—PROCEEDINGS—ALTERNATIVE—NECESSITY.

    Where there is no substantial dispute on any question of fact in an application for a writ of mandamus, nor such a denial of any allegations as raises an issue of fact, an alternative writ need not be issued.

    [Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 324, 325; Dec. Dig. ⬅159.]

3. SCHOOLS AND SCHOOL DISTRICTS ⬅146—TEACHERS' RETIREMENT FUND ASSOCIATION.

    The members of a local teachers' retirement fund association created by a city charter acquire no vested right in its funds created by contribution of 1 per cent. of the salaries of those who choose to become members, 5 per cent. of the excise money received by the city, and all donations and forfeitures and deductions from salaries of members.

    [Ed. Note.—For other cases, see Schools and School Districts, Dec. Dig. ⬅146.]

4. SCHOOLS AND SCHOOL DISTRICTS ⬅146—TEACHERS' RETIREMENT FUND—DEDUCTIONS.

    On a transfer of the fund of a local teachers' retirement fund association to the state teachers' retirement fund board, the amount contributed to the local fund by a registrar and janitors, who cannot become members of the state fund, together with 4 per cent. interest thereon, may properly be returned to them.

    [Ed. Note.—For other cases, see Schools and School Districts, Dec. Dig. ⬅146.]

Application by George P. Bristol and others, as the State Teachers' Retirement Fund Board, for peremptory writ of mandamus to the Board of Trustees of the Yonkers Public School Teachers' Retirement Fund Association and others.   Granted.

Egburt E. Woodbury, Atty. Gen. (Franklin Kennedy, Deputy Atty. Gen., of counsel), for petitioners.

Charles Philip Easton, of New York City (John F. Brennan, of Yonkers, of counsel), for board of education.

Thomas F. Curran, Corp. Counsel, of Yonkers (Max Cohen, Asst. Corp. Counsel, of Yonkers, of counsel), for city comptroller and city treasurer.

Walsh, Wallin, Beckwith & Edie, of Yonkers, for janitors and registrars.

RUDD, J.   Upon a petition made by the members of the state teachers' retirement fund board, verified by the secretary of that board, an order to show cause was made returnable at this time, calling upon the board of trustees of the Yonkers Public School Teachers' Retirement

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Fund Association, Joseph Miller, as comptroller of the city of Yonkers, and Gideon H. Peck, as treasurer of said city, to show cause why a peremptory writ of mandamus should not issue directed to the said board of trustees and to the comptroller and treasurer of the city of Yonkers, requiring the board and the comptroller and the treasurer to cause to be paid to the state treasury and the treasurer of the state of New York all the funds and property belonging to the Yonkers Public School Teachers' Retirement Fund Association after paying any outstanding obligations against said fund other than annuities. The application is made under and pursuant to the provisions of article 43b of the Education Law of the state of New York (Consol. Laws, c. 16), added by Laws 1911, c. 449.

Under the charter of the city of Yonkers the Yonkers Public School Teachers' Retirement Fund Association was established. The board of education of the city is constituted the board of trustees of the association and as such has the general care and management of the fund. The comptroller of the city of Yonkers is the custodian and the city treasurer is the treasurer of the fund. Moneys from the fund are payable by the vote of the board of trustees, upon orders signed by the president of the board of trustees and countersigned by the comptroller and the city treasurer.

This fund is made up: First. Of all donations, legacies and gifts. Second. One per cent. per annum of the respective salaries received by the superintendent of schools, supervisors, principals, teachers, registrars, and janitors in the service in the city of Yonkers, and who may choose to become members of the association either within one month after the passage of the law creating the fund or within one month of the time of his or her appointment. Third. Five per cent. annually of the excise moneys received by the city of Yonkers. Fourth. All forfeitures or deductions of or from the salaries of those in the service who are members of the association.

The charter of the city of Yonkers provides for the retirement from service of teachers, registrars, or janitors, after the expiration of 25 years of service of a woman member of the association and 30 years for a man, and certain annuities are created. The Yonkers public school teachers' retirement fund amounted on the 30th day of April, 1915, to $53,597.71. Under the provisions of article 43b of the Education Law, relative to the New York state teachers' retirement fund for public school teachers, by section 1109b it is provided:

"That whenever the state teachers' retirement fund board is satisfied that more than two-thirds of all the teachers employed in the public schools of any * * * city * * * are willing to become subject to this article, as shown by a petition duly signed and verified by such teachers, such board shall issue its order directing that on and after the date thereof this article shall apply to such * * * city. * * *"

It appears that on or about the 30th day of April, 1915, there were regularly employed under contract in the public schools in the city of Yonkers 468 teachers, including superintendent, supervisors, and principals, and that on or about that day more than two-thirds of all such teachers duly signed and verified a petition to the state teachers' retire-

ment fund board, petitioning that the public school teachers of said city of Yonkers be admitted to the state teachers' retirement fund for public school teachers as provided by article 43b of the Education Law of the state; that upon consideration of such application the state teachers' retirement fund board made an order on the 30th day of April, 1915, that article 43b of the Education Law of the state should apply to the city of Yonkers; that demand has been made by the state teachers' retirement fund board upon the custodian of the fund held by the trustees of the Yonkers Public School Teachers' Retirement Fund Association for the payment over of the moneys, which demand has been refused.

The payment over by those having in charge the fund of the Yonkers Public School Teachers' Retirement Fund Association is resisted by the board of education as a body, and by the comptroller and treasurer of the city, upon the ground that the provision of the Education Law is unconstitutional which in effect gives two-thirds of the school teachers of the city the power by vote to pass upon the question of whether the fund shall be transferred from the local board to the state board, rather than to two-thirds vote of the teachers who are members of the local Teachers' Retirement Fund Association. It is further claimed that the teachers of Yonkers who are members of the local pension fund association have vested rights which cannot thus be disturbed by the vote of those who have no interest in the fund directly or indirectly. It is claimed, also, that a peremptory mandamus is not the proper remedy, and that if a writ of mandamus was to issue it should be alternative, because of the question of fact involved.

[1] It seems to this court that mandamus is the proper remedy to enforce the provisions of the Education Law, and that, where it has been provided by legislative enactment that the custody of a fund shall be transferred from one public officer to another, said transfer can be compelled by a peremptory writ. People v. Keenan, 110 App. Div. 537, 97 N. Y. Supp. 77.

[2] There is in fact no substantial dispute on any question of fact involved in this application. There is not such a denial of any allegation as raises an issue of fact. Therefore it does not call for the taking of testimony or a trial of an issue of fact under an alternative writ. Because there is not to be an alternative writ issued by an order of this court the question raised upon the argument that the issue should be disposed of in Westchester county rather than in Albany county falls.

What was done by the state teachers' retirement fund board took place in the city of Albany, and as has been stated previously, there being no question of fact, and the only question being one of law, a peremptory writ is the proper remedy, provided it appears that such transfer from the custody of the local pension fund custodian to that of the state teachers' retirement fund board can be compelled under the provisions of the law in question. It must be conceded that such transfer can be provided by law, unless by enforcing such transfer some person is deprived of property without due process of law, and that question depends upon whether the teachers who are members of

the local pension association in Yonkers have vested rights which the law must respect.

[3] It is admitted that there were regularly employed under contract in the public schools of Yonkers 468 teachers, or those who are classed as teachers, and it appears that 313 signed and verified the petition, addressed to the state teachers' retirement fund board, asking that the fund be transferred. One more than two-thirds of all the teachers employed in the public schools were willing, therefore, that the custody of the fund should come under the provisions of article 43b of the Education Law and be transferred from the custody of the local board in Yonkers to the state board in accordance with the provisions of section 1109b. Of the 468 teachers of the city 426 were members of the local public school teachers' retirement fund association, and of those who were members 279 verified the petition, less than two-thirds of the teachers of the city who belonged to the Yonkers Public School Teachers' Retirement Fund Association.

The members of the local association acquired no vested right in the funds of the local association. Dillon on Municipal Corporations (volume 1, p. 754) says:

"In making a change in the disposition of a fund of that character previous to the happening of one of the events mentioned, the state impairs the absolute right of property in the officer. The direction of the state that the fund should be for the benefit of the officer or his representative under certain conditions is subject to change or revocation at any time at the will of the Legislature. There is no contract on the part of the state that its disposition shall always continue as originally provided. Until the particular event should happen upon which the money, or a part of it, is to be paid, there is no vested right in the officer to such payment. His interest in the fund is, until then, a mere expectancy created by the law and liable to be revoked or destroyed by the same authority."

Justice Woodward, in expressing the unanimous opinion of the court in Matter of Friel, 101 App. Div. 155, 91 N. Y. Supp. 454, says:

"The relator [a Brooklyn policeman] had no vested right in an act of the Legislature; the state, in the exercise of its sovereign authority, might have repealed absolutely the statute of 1888 under which he claims, and it might have abolished the office of policeman in the city of Brooklyn, or have destroyed absolutely the municipal corporation, and the relator would have had no legal right to complain."

The fund, too, is without doubt a public fund. It was made up, as the law provided, from contributions, 1 per cent. of teachers' salaries and 5 per cent. of all excise moneys, together with forfeitures and deductions. In a fund made up practically in the same way the court has held in Matter of Mahon v. Board of Education, 171 N. Y. 263, 63 N. E. 1107, 89 Am. St. Rep. 810, relating to a pension fund providing for the retirement and pensioning of teachers, not only that the excise money appropriated to the fund is public money, but that the proceeds of fines and deductions from teachers also are public funds.

[4] The registrars and janitors, who are members of the Yonkers Public School Teachers' Retirement Fund Association, cannot become members of the state fund, and by an order made in this proceeding the janitors and registrars have been permitted to intervene with the same effect as if they had been named originally as defendants in the

proceeding, and they present a written consent that the local fund be transferred to the state fund, providing that their contributions made to the local fund, with 4 per cent. interest thereon, be returned to them.

There seems to be no objection to that. Such payment is fairly contemplated by the provisions of the statute, wherein it is stated that the custodian of the fund of such organization or society shall pay into the state treasury any fund in his possession belonging to the said organization or society *after paying any outstanding obligations other than annuities.* If the registrars and janitors cannot be made beneficiaries of the state fund under the law, their money contributed to the local fund, in the transference of that fund from the local care to the care of the state, would be and properly is an outstanding obligation other than an annuity. The agreement to pay 4 per cent. interest upon the money which the local board has held under the circumstances is but fair.

The creation of a state fund is evidently a wise provision, no doubt suggested by the education department, if not certainly approved by the department, for the purpose of enlarging the scope and extending the benefits by having a uniform state system, including in that system as beneficiaries all the teachers of the state. That clearly is the intent of the legislative act, and that is the contention of the state authorities. Unless there is some constitutional violation it would seem to be the duty of the court to sustain that contention.

It certainly cannot be from a reading of the law that it was not intended to include in one way or another all localities, and Yonkers is evidently brought within the provisions of the law by the compliance exactly with the terms of the statute as to the requirement relating to the number and character of those who must under the law sign the petition for the transfer of the fund. The statute says two-thirds of the teachers employed by the city, and that number have signed this petition. And there seems to be no reason shown why those who have now the custody of the fund held for the benefit of the members of the Yonkers Public School Teachers' Retirement Fund Association should not comply with the order made by the state teachers' retirement fund board.

A peremptory writ of mandamus may therefore issue in accordance with the petition. An order will be signed granting the writ, with $50 costs.

Application granted, with $50 costs.