[No. 13444.   Department One.   November 28, 1916.]

THE STATE OF WASHINGTON, *on the Relation of Anna
Criswell, Appellant,* v. BOARD OF TRUSTEES OF
THE FIREMEN'S RELIEF AND PENSION
FUND, *Respondent.*[1]

MUNICIPAL CORPORATIONS — OFFICERS AND EMPLOYEES — FIREMAN'S
PENSION—ADMINISTRATION—POWERS OF PENSION BOARD—MANDAMUS.
Under Rem. 1915 Code, § 8073, subd. 4, providing that the board of
the fireman's relief fund shall hear and decide all applications for
relief or pensions under the act and that its decisions on such
applications shall be final and conclusive on the courts, mandamus
does not lie to inquire into the correctness of a ruling of the board
or to review its action in denying an application for permanent relief
under the act.

SAME. The act for the relief and pension of firemen, Rem. 1915
Code, § 8061 *et seq.*, confers upon the pension board power to deter-
mine who are entitled to a fixed pension, as well as to determine
who are entitled to temporary relief.

SAME—OFFICERS AND EMPLOYEES—FIREMEN'S PENSION—CONSTITU-
TIONAL LAW—VESTED RIGHTS. The act for the relief and pension of
firemen is not a vested right subject to determination by the courts,
since the legislature vested the pension board with full power and
authority to determine any inquiry as to who are entitled to the
benefit of the act, and made its conclusion final; and the legislature
had the power to pass such act.

Appeal from an order of the superior court for Pierce
county, Clifford, J., entered May 25, 1915, dismissing an
application for a writ of mandamus to compel the payment
of an insurance benefit under the fireman's pension act, after
a hearing before the court. Affirmed.

*Wesley Lloyd,* for appellant.

*T. L. Stiles* and *Frank M. Carnahan,* for respondent.

FULLERTON, J.—The statute (Rem. 1915 Code, § 8061
*et seq.*) authorizes the creation of a firemen's relief and pen-
sion fund. For the maintenance of the fund, it provides that

[1]Reported in 161 Pac. 361.

the treasurer of the city shall retain from the pay of each
and every member of the fire department a sum equal to one
and one-half per centum of the monthly compensation paid
each such member, and authorizes and empowers the city
council of any city to levy, in the annual tax levy of such
city, a tax not to exceed one-half of one mill until such time
as the fund shall reach the sum of $25,000; no tax to be
levied thereafter until the fund shall be less than that sum.

The statute defines the beneficiaries of the fund.  It pro-
vides for the payment of a pension to every fireman who shall
become physically or mentally disabled while in, or in con-
sequence of, the performance of his duty as such fireman, the
payment of hospital expenses and nursing for sick and in-
jured fireman, and for the payment to the widow or certain
named beneficiaries of a fireman dying from natural causes
the sum of one thousand dollars.

A board, to consist of the mayor and three members of
the common council of the city, together with six members of
the fire department, is created for the administration of the
fund.   After defining somewhat minutely the powers and du-
ties of the board, the statute specifically prescribes:

"Said board shall hear and decide all applications for such
relief or pensions under this chapter and its decisions on such
applications shall be final and conclusive and not subject to
revision or reversal except by the board."   Rem. 1915 Code,
§ 8073, subd. 4.

William A. Criswell, the husband of the appellant, became
a member of the fire department of the city of Tacoma on
June 1, 1910.  In the early part of the year 1912, he began
to show symptoms of incipient tuberculosis of the lungs, and
was granted a leave of absence on full pay for recuperation.
On July 11, 1913, he was reported as being cured by the
physician of the board, at which time he returned to active
duty.   In December, 1913, he again became ill, and was sub-
jected to an examination by the physician, who reported to
the board under date of January 5, 1914, that he had again

become infected with tuberculosis and was unable to continue his work as an active fireman. He was then placed by the board upon the pension roll at half pay, and continued thereon until his death from the disease, which occurred on February 14, 1915, performing in the meantime no active service in the fire department.

After her husband's death, the appellant, as his widow, filed with the board her claim for the sum of one thousand dollars, payable by the terms of the act to the widow of a fireman who has served as such for two years, and dies from natural causes. Her claim was disallowed by the board, whereupon she applied for a writ of mandamus in the superior court of Pierce county to enforce an allowance of the claim. The court denied the application on the ground that the action of the board thereon was final and conclusive. From its order made in the premises, the widow appeals.

The conclusiveness of the order of the board of pensions is urged in this court. The contention we think must be sustained. It is within the power of the legislature, when enacting a statute creating a new right with its remedy, to vest in some board or person power to adjudicate all matters arising under the statute, and to make such adjudication final and conclusive.

A case in point is *State ex rel. Lynch v. Board of Trustees of Fireman's Pension & Relief Fund*, 117 La. 1071, 42 South. 506. The court there had under consideration a statute similar in its provision to the statute here in question. The board of pensions was given exclusive control and management of the pension fund with power to hear and decide all applications for relief or pensions under the statute, and its decisions thereon were made final and conclusive, and not subject to review or reversal except by the board. On an attempt to review an order of the board, the court said:

"The question is whether this court can in a mandamus proceeding inquire into the correctness of the rulings of the defendant board. The statute itself answers, 'No.' Our

former opinion practically nullifies that provision of the act which declares that the decisions of the board shall not be subject to review or reversal, except by the board itself. The act itself provides for the gratuitous distribution of a fund to be created out of the revenues of the state, and in our opinion it was competent for the legislature to annex the condition that the decisions of the board in all applications shall be final and conclusive."

To the same effect is *Karb v. State*, 54 Ohio St. 383, 43 N. E. 920. It is there said:

"It is a rule of construction, that where a new right with its remedy is given by statute, and there is no provision for a review or appeal from the determination of those who administer the statute creating the right, such determination is usually final. In such case an adverse decision cannot be overcome by appeal or original petition to a court of justice. Had the legislature intended that the cause of the disability should be ascertained by litigation in court, it would have made provision therefor in the statute. The theory of the act seems to be that the board of trustees can be trusted to do full justice in each case."

See, also, *People ex rel. Bliel v. Martin*, 131 N. Y. 196, 30 N. E. '60; *Friel v. McAdoo*, 101 App. Div. 155, 91 N. Y. Supp. 454.

The appellant contends that the statute properly construed gives the pension board exclusive jurisdiction over matters of temporary relief and pensions only, and does not include the claim made by the appellant. But a reading of the act convinces us that all questions concerning the administration of the act were vested in the board; the power to determine who were entitled to the fixed sum, as well as to determine who were entitled to temporary relief or to pensions under the act.

The further claim that the right to the relief demanded is a vested right and thus subject to a determination by the courts is also without foundation. Whether the right was vested is subject to inquiry, and since the legislature has vested the board of pensions with full power and authority to determine the inquiry, its conclusion on the question is as

final as it is on any other matter of which it is granted complete jurisdiction.

Our opinion is that the application was properly denied, and that the judgment of the trial court should be affirmed. It is so ordered.

MORRIS, C. J., and MOUNT, J., concur.