VIOLA ADDISON, Appellant, v. W. B. LOUDON et al., Appellees.

DECEMBER 14, 1928.

*Ferguson & Ferguson,* for appellant.

*Paul L. Millhone,* for appellees.

MORLING, J.—The petition, so far as material to the question here presented, alleges that plaintiff is not in charge of any charitable institution, has an income of less than $300 per annum, "is totally blind, and has no source of income, and is without property, and is in destitute circumstances and dependent

upon charity;" that she made application to defendant board in writing, pursuant to Chapter 272, Code of 1927, and that the board denied the relief provided for by the statute. Plaintiff alleges:

"That, under the law, and under the facts above stated, this plaintiff is entitled to aid from Page County, Iowa, and that the said board of supervisors and the said auditor, defendants herein, have ignored, disobeyed, and violated the terms, spirit, and intention of the statute, in denying her application for county aid, and in so doing, they have violated the law, are still violating the law, and causing this plaintiff to suffer unjustly, by reason of the refusal and the unlawful disregard for the application of the laws of the state of Iowa set forth in the said chapter, to wit, Chapter 272 of the Code of Iowa."

The prayer is for mandamus, to compel allowance of aid to the extent of $300 a year, and passage of a resolution authorizing the issuance of warrant, and if defendants violate the law further, and refuse to pass a resolution, that plaintiff recover "from said county relief from and after the time of the filing of her said petition herein * * *" Defendants demurred, for the reason that the question whether or not a person needs and is entitled to a pension for the blind is left to the sound discretion of the board, "and they have passed upon this case, and there is nothing that the court can pass upon."

Plaintiff's contention in brief is that the public and the plaintiff have such an interest in the payment of the aid provided for by the statute that the intention of the legislature must be interpreted not as conferring discretionary or permissive power upon the board, but as imposing a duty, and that the word "may" should be construed to be mandatory. We do not pass upon this question.

The law in its present form was enacted by the fortieth general assembly (Chapter 252), under the title "County Aid for the Blind." Section 1 provides:

"Any person declared to be blind, under the provisions of this chapter, if male over twenty-one (21) and if female over eighteen (18) years of age, who is not a charge of any charitable institution, and has not an income of over three hundred dollars ($300.00) per annum, and who has resided in Iowa five (5)

years and in the county one (1) year immediately before applying therefor, may receive as a benefit the sum of not more than three hundred dollars ($300.00) per annum as the board of supervisors may determine." .

Sections 2 and 3 require the appointment of an examiner and the examination of all applicants. Section 4 enables any person claiming the benefits of the chapter to go before the auditor and make affidavit, to be presented to the board, the board to refer it to the examiner. Section 6 makes it the duty of the board "to cause warrants to be drawn upon the county general fund or poor fund, at the discretion of the board, * * * during the life of said persons while they are residents of said county and while said disability continues. Where the beneficiary under the provisions of this chapter is for any cause unable to judiciously expend said fund, the same may be paid to the overseer of the poor or some person appointed by the board of supervisors, who shall expend the same for the use and benefit of the beneficiary." (Sections 5379, 5384, Code of 1927.) The purpose of the statute under consideration, as indicated by the title and by Sections 1 and 6, is to enable counties to aid their blind by means of an allowance from the poor fund or from the county general fund. The aid is to the poor, or it is in the nature of a pension. We need not determine its precise classification. No state fund is provided. Each county cares for its own blind. If the beneficiary is unable to judiciously expend it, "the overseer of the poor or some person appointed by the board of supervisors" is to expend it for the use and benefit of the beneficiary. The legislative objective is undoubtedly to furnish needed financial assistance. Not all blind persons are within the objective, for not all do need financial aid. Proof and investigation are required. Judgment in determining the need and propriety of granting the aid should be reposed in a suitable administrative body, which would quite naturally be the board of supervisors of the county whose funds are to be used. The care of the blind, especially when indigent, is a matter of public concern, and a public or governmental function. The officer (or board) to whom the duty of investigation and power of determination are committed is invested with executive and administrative duties, together with quasi judicial power. His duty is not merely ministerial, and his judgment (at least if not shown to

be wholly without support in evidence or law, or not clearly arbitrary or capricious) is not subject to judicial review, and cannot be controlled by mandamus. *Riley v. City of Des Moines*, 203 Iowa 1240; *Decatur v. Paulding*, 14 Pet. (U. S.) 497; *State ex rel. Fouche v. Verner*, 30 S. C. 277 (9 S. E. 113); *State ex rel. Lynch v. Board of Trustees*, 117 La. 1071 (42 So. 506); *In re Application of Friel v. McAdoo*, 101 App. Div. 155 (91 N. Y. Supp. 454, 74 N. E. 1117); 2 McQuillin on Municipal Corporations (2d Ed.) 208; *Hines v. Starnes*, 26 Fed. (2d Ser.) 997; *United States ex rel. Finley v. Hines*, 25 Fed. (2d. Ser.) 544; *Corkum v. Clark* (Mass.), 161 N. E. 912, 916; *People ex rel. Donovan v. Retirement Board*, 326 Ill. 579 (158 N. E. 220); *Collins v. Martin*, 290 Pa. St. 388 (139 Atl. 122); *Silberschein v. United States*, 266 U. S. 221 (69 L. Ed. 256); *In re Application of Shelley v. Missouri Com.*, 309 Mo. 612 (274 S. W. 688). See, further, Code of 1927, Sections 12440, 12441; *Neilan v. Board of Directors*, 200 Iowa 860; *Preston v. Board of Education*, 124 Iowa 355; *Mulhall v. Pfannkuch*, 206 Iowa 1139.—*Affirmed*.

STEVENS, C. J., and DE GRAFF, ALBERT, and WAGNER, JJ., concur.