In the Matter of the Application of GERTRUDE B. KEENAN, Respondent, for a Mandamus Order against HOWARD DUNSCOMB and Others, as Trustees of the Police Pension Fund of the Village of Ossining, Appellants.— Order of peremptory mandamus modified by striking therefrom the provision commanding the trustees of the police pension fund of the village of Ossining to place the petitioner's name on the pension roll of that fund at a specified rate per year from a specified date, and by inserting therein a provision that the trustees be commanded to exercise their statutory discretion in passing upon the petitioner's application to have her name placed on the pension roll, on the assumption that the statute does not, as a matter of law, bar favorable action thereon. As so modified, the order is unanimously affirmed, without costs. We concur in the Special Term's view that the trustees refused petitioner's application on an erroneous interpretation of the statute; but we do not concur in the view that the court may, for that reason, direct the manner in which the board of trustees should exercise its discretion. The board, so far as this record shows, has never assumed to exercise the discretionary power with which the statute invests it. It is its discretion and not the court's discretion that must, under the statute, determine whether or not the petitioner's application should be granted. (*People ex rel. Bliel* v. *Martin*, 131 N. Y. 196.) We do not now determine whether a particular exercise of discretion is reviewable. That must await a full disclosure of the elements moving discretion, when it may or may not appear that discretion has been exercised in good faith upon justifiable grounds free from caprice or arbitrariness. Only then may the question of right to review be passed upon. Present — Lazansky, P. J., Carswell, Tompkins, Davis and Johnston, JJ.

In the Matter of the Application of RUBIN PRIEMAZON and FRANCES PRIEMAZON, Respondents, for an Order Compelling EMANUEL F. KIRK, an Attorney, Appellant, to Pay Back Certain Moneys Deposited in Escrow with Him.— Order confirming report of an official referee in a summary proceeding and directing an attorney to turn over certain moneys to the petitioners reversed on the law and the facts, without costs, and the matter remitted to the Special Term to pass upon anew, at which time the minutes upon which the report of the referee was based should be submitted to the court by the movant, on the authority of *Matter of Reigrod* (*post*, p. 729), decided herewith. No opinion. Lazansky, P. J., Carswell, Tompkins, Davis and Johnston, JJ., concur.

In the Matter of the Application of ESTHER REIGROD, Respondent, for an Order Compelling EMANUEL F. KIRK, an Attorney, Appellant, to Pay Back Certain Moneys Deposited with Him.— Order confirming report of an official referee in a summary proceeding and directing an attorney to turn over certain moneys to the petitioner reversed on the law and the facts, without costs, and the matter remitted to the Special Term to pass upon anew, at which time the minutes upon which the report of the referee was based should be submitted to the court by the movant. The propriety or impropriety of confirming the report may only be determined by an examination of the minutes upon which that report is based. No opinion. Lazansky, P. J., Carswell, Tompkins, Davis and Johnston, JJ., concur.