In the Matter of RONALD J. ADAMS, Petitioner, against WILLIAM H. KELLY, as Adjutant-General of the State of New York, et al., Respondents.

Supreme Court, Special Term, Westchester County, August 2, 1955.

*Morton N. Wekstein* for petitioner.

*Jacob K. Javits, Attorney-General* (*Henry S. Manley* and *Lawrence H. Wagner* of counsel), for respondents.

EAGER, J. This is an article 78 proceeding brought to annul the determination of the Adjutant-General of the State of New York, refusing to grant an increase in the pension of the peti-· tioner, and to compel the Adjutant-General to take proceedings looking toward an adjustment and increase of such pension. It appears that the petitioner was injured in 1909, while on duty as a member of the New York National Guard. His injuries were disabling, and in 1910, he was awarded a pension of $480 a year. This was pursuant to the provisions of the Military Law of this State, and he has been receiving this pension without change since 1910.

The petitioner relies upon the provisions of said Military Law that, " Any member of the organized militia who shall be disabled or has been so disabled in the performance of any actual service of this state * * * shall * * * be placed on the

disability retired roll of the state and shall receive out of any moneys in the treasury of the state, not otherwise appropriated, upon the approval of the adjutant-general of the state and approval of the governor, the same pension or reward that persons under similiar circumstances receive from the United States.'' (Military Law, § 217, subd. 1.) There is further provision by said section (subd. 6), that, '' The adjutant-general of the state, with the approval of the governor, ·may increase, reduce or withdraw any pension or reward according to the right and justice and the practice under the laws and regulations of the United States.''

It is alleged in the petition, and stands admitted on this motion, that a person engaged in the Federal service sustaining injuries at the same time and place as the petitioner, and under similar circumstances, would at the present time be receiving a pension of $2,011.20 per year for similar disability. It further appears that the petitioner applied to the Adjutant-General to have his pension adjusted so that the same would be equal to the amount which a person in the Federal service would be receiving for like disability, and that the Adjutant-General, on January 17, 1955, denied the application and refuses to make any adjustment.

The proceeding was brought against the Adjutant-General and the Governor of the State. The latter was not served and it is not intended to serve him. The Adjutant-General moves, pursuant to section 1293 of the Civil Practice Act, to dismiss the petition. I am of the opinion that the petition fails to state facts sufficient to entitle the petitioner to any relief and that it should be dismissed. The petitioner does not have a contractual or other legal right to an increase in his pension enforcible by the courts. The language of section 217 with respect to the increase of the pension provided for by the statute is permissive, and, clearly, the award of an increase is a matter entrusted to the fairness and good conscience of the Adjutant-General, with the approval of the Governor. Action taken by the former in the exercise of his discretion is not reviewable by the courts. (See, though not exactly in point, *People ex rel. Bliel* v. *Martin,* 131 N. Y. 196, and *Matter of Sheridan* v. *McElligott,* 278 N. Y. 59.)

Motion to dismiss petition is granted. No costs. Submit order on notice.